UNITED MODERNS v. MATTIE C. PISTOLE.

Decided March 8, 1905.

**1.—Pleading—Evidence—Receipt.**

The denial under oath, by defendant, a benefit insurance company, that a payment of monthly dues was made during the lifetime of deceased, as shown by receipt of the proper officer of the lodge, or that such officer had authority to receive and receipt for it after death of the insured, did not amount to a plea of non est factum, nor prevent the introduction of the receipt as evidence of the payment shown by the face of it.

**2.—Evidence—Contradictory Statements.**

The financial officer of a benefit insurance company having testified in its behalf that his receipt, showing timely payment by insured of his monthly dues was issued at a later date, and after the death of insured, and forfeiture of his rights for nonpayment, his affidavit furnishing proof of death, and showing that deceased was in good standing at the date thereof, was admissible to contradict his testimony and support the written receipt, though it was admitted that proper proof of death had been made.

**3.—Same.**

The jury were not bound to accept the testimony of the witness as to the date of payment of the dues of insured, in contradiction to the written receipt and proof of death made by him.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*E. W. Smith, W. T. Bartholomew* and *J. J. Eckford,* for appellant.— Where the date and contents of a written instrument declared on is denied under oath, the mere proof of the signature is not sufficient to entitle the instrument to be admitted in evidence. Longley v. Caruthers, 64 Texas, 288; McAlpin v. Ziller, 17 Texas, 514; Texas M. L. Ins. Co. v. Davidge, 51 Texas, 250.

Appellant having in its answer never denied, but admitted, that appellee furnished satisfactory proof of the death of the member, J. D. Pistole, in compliance with the benefit certificate sued on, there was no issue as to whether or not death proofs were furnished, and same was immaterial; and such death proofs, being ex parte affidavits furnished by appellee on her own behalf, were no evidence of the facts therein recited, but only evidence of the fact that the requirements of the certificate as to death proofs were complied with, and admissible only to contradict Lack that he made such an affidavit, especially as appellant had plead that the purported maker of such affidavit had colluded and combined with appellee to defraud appellant. Fire Assn. of Pa. v. McNerney, 54 S. W. Rep., 1053; Mackey v. Armstrong, 84 Texas, 159, 173; Veck v. Culbertson, 57 S. W. Rep., 1114; Cummins v. German Amer. Ins. Co., 192 Pa. St., 359; Fidelity Mut. L. Assn. v. Ficklin, 74 Md., 172; Breckinridge v. Amer. Cent. Ins. Co., 87 Mo. 62; Niblank, Mut. Ben. Assn., sec. 329. On Collusion: Central M. Life Assn. v. Parham, 80 Texas, 518; Scripture v. Scottish Amer. Mrtg. Co., 20 Texas Civ. App., 153, 49 S. W. Rep., 646.

The verdict of the jury is contrary to the charge of the court and weight of the evidence in this, that the uncontradicted evidence and

manifest weight of the evidence showed that the payment upon the certificate of membership sued on, due on or before the 30th day of June, 1902, was never made by J. D. Pistole, the member therein named, nor by anyone for him, and that, in consequence thereof, the member became suspended on the 1st day of July, 1902, and the membership certificate terminated, became void, and ceased to be a binding or effective obligation upon or against appellant, and so remained until the death of said J. D. Pistole on the 9th day of July, 1902, and no right thereon or thereto existed in favor of plaintiff against appellant at the time of the death of the said J. D. Pistole. Joske v. Irvine, 91 Texas, 574; Texas Loan Agcy. v. Fleming, 92 Texas, 458, 463; Parish v. Mutual Ins. Co., 19 Texas Civ. App., 459, 49 S. W. Rep., 156; Mutual Life Ins. Co. v. Hayward, 12 Texas Civ. App., 392, 34 S. W. Rep., 801.

It was the duty of the court to instruct a verdict for appellant, as the evidence to establish the fact that the June payment, 1902, due by J. D. Pistole, was paid, was without probative force to raise a surmise that it was paid, but the evidence conclusively established the fact that the payment was not made. Joske v. Irvine, 91 Texas, 574, 582, 583; Texas Loan Agcy. v. Fleming, 92 Texas, 458, 463; Parish v. Mutual Ins. Co., 19 Texas Civ. App., 463, 49 S. W. Rep., 156.

*Scott Field, W. W. Bailey, W. G. Taliaferro* and *Robt. Armstrong,* for appellee.—Where plaintiff's petition alleges the execution of the instrument sued on by the defendant in person, when proof of execution is made, the instrument goes to the jury as prima facie a genuine instrument. And when such instrument is alleged to have been executed by an agent, it is, in addition to the proof of execution, only necessary to show that the person executing the same was authorized to do so, to admit the instrument in evidence as prima facie genuine. Rev. Stats., arts. 1265 (sec. 8), 2318; Cox v. Cock, 59 Texas, 524; Robertson v. Du Bose, 76 Texas, 6; Smith v. Gillum, 80 Texas, 127. As to special or qualified plea of non est factum: Irvin v. Garner, 50 Texas, 52; Muckleroy v. Bethany, 27 Texas, 551; Wells v. Moore, 15 Texas, 522; Richers v. Helmcamp, 1 App. C. C. (White & W.), sec. 682; Kansas M. Life Ins. Co. v. Coalson, 22 Texas Civ. App., 67.

The affidavit of J. H. Lack, as financier and recorder of Beaumont Lodge of the United Moderns, was admissible in evidence to prove that J. D. Pistole was a member in good standing of said lodge at the time of his death, because the same was made by said Lack in the discharge of his official duties, and was within the scope of the authority delegated to him. Supreme Lodge K. of H. v. Rampey, 45 S. W. Rep., 422; Missouri P. Ry. Co. v. Gernan & Co., 84 Texas, 142; Missouri P. Ry. Co. v. Sherwood, 84 Texas, 136; Continental Ins. Co. v. Cummings, 81 S. W. Rep., 707; Tuttle v. Turner, 28 Texas, 771; Latham v. Pledger, 11 Texas, 445; Burnside v. Railway, 93 Am. Dec., 474; Campbell v. International Life Assur. Soc., 4 Bosworth (N. Y.), 298; Am. and Eng. Ency., vol. 1, pp 691 and 1143.

The verdict of the jury is responsive to the charge of the court, and is supported by the evidence, the proof of payment of all of Pistole's dues for the month of June, 1902, and on or before the 30th day of that month, being amply sufficient for that purpose,

KEY, ASSOCIATE JUSTICE.—This is a suit against a mutual benefit association. There was a jury trial, resulting in a verdict and judgment for the plaintiff, and the defendant has appealed.

The membership certificate sued on required monthly payments to be made in the sum of $4.20 each. The payments were due on the first day of each month, and, if not paid during the month, all rights under the certificate were forfeited. In this case, the deceased member died on the 9th day of July, 1902, and the defense relied on rested upon the contention that his monthly payment due on the 1st day of June was not paid during that month, nor up to the time of his death.

The first assignment of error is addressed to the action of the court in permitting the plaintiff to introduce in evidence a receipt signed by J. H. Lack, as financier of the local lodge of which J. D. Pistole, the deceased, was a member, showing the payment of his dues for the month of June, 1902, on the 30th day of that month. The plaintiff pleaded the receipt, and the defendant pleaded under oath that J. H. Lack had no authority to receive payments or execute receipts therefor after the death of a member. The plea did not deny the execution of the receipt by Lack, but denied his authority to execute it after the death of J. D. Pistole. The plaintiff proved that Lack was the proper officer of the subordinate lodge to receive such payments. The bill of exception does not show that the receipt was objected to, because it was not shown that the signature of Lack was genuine. In fact, there was no plea of *non est factum;* and thereafter Lack testified that he signed the receipt. The defendant's denial under oath of the date and contents of the written receipt should not be held to affect its admissibility as evidence. When a party has signed a written instrument, reciting the fact that, on a particular day, he received a stated sum of money from a certain person, his denial under oath of the fact that he received the money, or that he received it on the day stated, is not a plea of *non est factum,* and can not affect the question of the admissibility of the receipt in evidence. Lack was the proper officer of the subordinate lodge of the defendant to receive such payments, and we hold that he had authority to receipt for them at the time they were made or at any time thereafter.

The second assignment of error and propositions submitted thereunder are also overruled. The affidavit of J. H. Lack, to the admission of which the defendant objected, was made for the purpose of furnishing proof of death in the manner required by the defendant, and upon a printed blank furnished by the defendant for that purpose; and the statement therein that, at the time of his death, the deceased was a member of the local lodge in good standing, tends to show that he had made timely payments of all of his dues. The further statement that, in his opinion, the claim of the beneficiary was meritorious was surplusage, and of no importance. If the deceased was a member of the lodge, in good standing, at the time of his death, then the claim of the beneficiary was meritorious, regardless of Lack's opinion on the subject. True it is, the defendant admitted in its answer that proper death proof had been made, but such admission ought not to be held to deprive the plaintiff of the right to introduce Lack's statement in the proof of death, to the effect that the deceased was in good standing at the time of his death. Lack testified for the defendant, and stated that the June

payment was not, in fact, made, and that the entry made by him in the receipt book, showing that it was made on the 30th day of June, was false. His sworn statement, made in the proof of death, tended to verify the correctness of the entry made by him in the receipt book, and tended to show that the payment had been made during the month of June.

The other assignments of error assail the verdict as unsupported by testimony, and complain of the refusal of the trial judge to direct a verdict for the defendant. These assignments are overruled. If the jury believed that the entry made by one of defendant's officers and agents in the receipt book spoke the truth, the plaintiff was entitled to recover. The entry referred to was an official act, and was evidence itself; and, although the officer who made it testified that it was untrue, the jury were not compelled to give credence to his testimony.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.